**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES THOMPSON, JOSHUA BRISBIN, and WILLIAM MEINERS, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:17-cv-1123 |
| Plaintiffs, | | |
| v. | | |
| THANKFULLY LIVING CHRISTIAN, LLC and DAVID TROTTER, | | JURY DEMANDED |
| Defendants. | | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs James Thompson, Joshua Brisbin, and William Meiners ("Plaintiffs"), individually and on behalf of others similarly situated, complain against Defendants Thankfully Living Christian, LLC and David Trotter ("Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiffs bring their FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b).

**Introduction**

1. This complaint arises out of Defendants' failure to pay Plaintiffs and other similarly situated individuals overtime wages, *i.e.*, one-and-a-half times the regular rate of pay for hours worked in excess of forty in a workweek.

2. Plaintiffs, individually and on behalf of others similarly situated, seek to recover unpaid overtime wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA and the IMWL.

**Parties**

3. Plaintiff James Thompson ("Thompson") worked as a landscaper for Defendants from approximately April or May 2013 to August 2016. During Thompson's employment with Defendants, Thompson was compensated on an hourly basis.

4. Plaintiff Joshua Brisbin ("Brisbin") worked as a landscaper for Defendants from approximately 2012 to July 2016. During Brisbin's employment with Defendants, Brisbin was compensated on an hourly basis.

5. Plaintiff William Meiners ("Meiners") worked as a landscaper for Defendants from approximately 2014 to early 2016. During Meiners's employment with Defendants, Meiners was compensated on an hourly basis.

6. Defendant Thankfully Living Christian, LLC ("TLC"), is an Illinois corporation headquartered in Morris, Illinois, which is in Grundy County.

7. Defendant David B. Trotter ("Trotter") is the registered manager and agent of TLC. Upon information and belief, he is a resident of Grundy County, Illinois. David Trotter personally supervised Plaintiffs' work and made the decision not to pay them overtime pay for hours worked in excess of forty in a workweek.

8. During relevant times, Defendants TLC and Trotter were Plaintiffs' employers for purposes of the FLSA and the IMWL.

**Jurisdiction and Venue**

9. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in this judicial district. 28 U.S.C. § 93(a)(1).

**Facts**

11. Defendant TLC is in the business of providing residential and commercial landscaping services, primarily in Grundy, Will, and DuPage Counties.

12. Plaintiffs and other similarly situated individuals routinely worked for Defendants in excess of forty hours in a workweek. For example, in 2014, 2015, and 2016, Plaintiff Thompson, Brisbin, and Meiner worked an average of at least 50 hours per week for TLC.

13. Defendants made two separate payments to Plaintiffs for a single, bi-weekly pay period. First, Defendants paid Plaintiffs and other similarly situated employees by check for eighty hours of work at the employee's regular hourly rate of pay.

14. Second, Defendants paid Plaintiffs and other similarly situated employees in cash – again at the employee's regular hourly rate of pay – for hours worked over eighty in the two-week pay period.

15. Defendants never paid Plaintiffs and the other similarly situated employees one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

**Enterprise Status**

16. From February 13, 2014 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose. 29 U.S.C. § 203(r).

17. During relevant times, Defendants constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because they engaged in commerce and had well over $500,000 in annual gross sales or business. 29 U.S.C. § 203(s).

### Collective Allegations

18. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as opt-in representatives for collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and an "FLSA Overtime Class," consisting of all hourly employees of TLC who worked between February 13, 2014 and the present, who worked in excess of forty hours a week in any workweek during that time. Plaintiffs' FLSA Consent Forms are attached hereto as Exhibit A.

19. The FLSA Overtime Class defined above satisfies the requirements of 29 U.S.C. § 216(b).

### Count I – Fair Labor Standards Act

20. Plaintiffs incorporate all prior allegations as if fully stated herein.

21. Defendants employed Plaintiffs and members of the FLSA Overtime Class.

22. Plaintiffs and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

23. Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

24. Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

25. Defendants' violations of the FLSA were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and the costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Illinois Minimum Wage Law

26. Plaintiffs incorporate all prior allegations as if fully stated herein.

27. Defendants employed Plaintiffs and members of the FLSA Overtime Class in Illinois.

28. Plaintiffs and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

29. Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Declaring that the actions complained of herein violated the IMWL, 820 ILCS 105/4;

b. Awarding Plaintiffs and members of the FLSA Overtime Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

c. Awarding Plaintiffs and members of the FLSA Overtime Class unpaid wages due as provided by the IMWL;

d. Awarding Plaintiffs and members of the FLSA Overtime Class penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

e. Awarding reasonable attorneys' fees and the costs of this action as provided by the IMWL;

f. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

                                       Respectfully submitted,

                                       /s/Christopher J. Wilmes
                                       One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
Todd Pierce-Ryan (Illinois Bar No. 6321299)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100