Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (hereinafter "Agreement") is entered into by and between James Thompson, Joshua Brisbin, and William Meiners (the "Plaintiffs") on the one hand, and Thankfully Living Christian, LLC and David Trotter ("Defendants"), on the other hand, with reference to the recitals and provisions set forth below.

## RECITALS

A.      Certain claims, demands and differences have existed heretofore between Plaintiffs, on the one hand, and Defendants, on the other hand.  Plaintiffs contend that Defendants did not pay them overtime premium pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, and the Illinois Minimum Wage Law, 820 ILCS 105/3a. This claim is the subject of a lawsuit captioned, *James Thompson, et al., v. Thankfully Living Christian, LLC, et al.*, No. 17-CV-1123 (N.D. Ill.) ("the Lawsuit").

B.      Plaintiffs are represented in this matter by Hughes Socol Piers Resnick & Dym, Ltd. ("Plaintiffs' Counsel" or "HSPRD").

C.      Defendants are represented in this matter by Laner Muchin, Ltd.

D.      The parties have conducted informal discovery, investigated the legal and factual issues related to the claims and defenses in the lawsuit, and agree that there is a bona fide legal dispute as to liability.

E.      The mutual costs and risks of litigating this matter have led the parties to resolve the Lawsuit by way of settlement.

F.      Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is or may be construed or used in any action or proceeding as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

## PROVISIONS

**1.      COOPERATION BY THE PARTIES.**

The parties to this Agreement and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

**2.      PAYMENT TERMS.**

In exchange for the promises contained in this Agreement, Defendants agree to pay Plaintiffs and Hughes, Socol, Piers, Resnick & Dym, Ltd, the total gross amount of Twenty-Thousand Dollars ($20,000.00) (the "Settlement Payment"). The Settlement Payment shall be made in twelve monthly payments to each Plaintiff and Plaintiffs' Counsel, beginning on the first day of the month after all of the last of the following conditions precedent are satisfied: (1) all

1

Plaintiffs sign, date and return a copy of this Agreement to Defendants' counsel; (2) the Court approves this Agreement and dismisses Plaintiffs' claims with prejudice; and (3) the seven day revocation period described in Paragraph 15 below expires without revocation. Each successive monthly payment will be made on the first of each month until twelve payments have been made. It is anticipated that Plaintiffs sign and return this Agreement to Defendants and it is approved by the Court before July 31, 2017. If so, then the monthly payments will be made on August 1, 2017, September 1, 2017, October 1, 2017, November 1, 2017, December 1, 2017, January 1, 2018, February 1, 2018, March 1, 2018, April 1, 2018, May 1, 2018, June 1, 2018, and July 1, 2018 as follows:

   a. One check payable to James Thompson in the amount of $166.67, from which standard payroll withholdings will be made, and for which an IRS Form W-2 shall issue.

   b. One check payable to James Thompson in the amount of $250.00, from which no payroll withholdings will be made, and for which an IRS Form 1099 shall issue.

   c. One check payable to Joshua Brisbin in the amount of $166.67, from which standard payroll withholdings will be made, and for which an IRS Form W-2 shall issue.

   d. One check payable to Joshua Brisbin in the amount of $250.00, from which no payroll withholdings will be made, and for which an IRS Form 1099 shall issue.

   e. One check payable to William Meiners in the amount of $166.67, from which standard payroll withholdings will be made, and for which an IRS Form W-2 shall issue.

   f. One check payable to William Meiners in the amount of $250.00, from which no payroll withholdings will be made, and for which an IRS Form 1099 shall issue.

   g. One check payable to Hughes Socol Piers Resnick & Dym, Ltd. in the amount of $416.66, for which an IRS Form 1099 shall issue.

All checks shall be delivered to Plaintiffs' Counsel. If any payment is delivered after the first day of the month, then Defendants shall have two weeks to cure, after which time, Defendants will automatically be in breach of this Agreement and will agree to a consent judgment in favor of Plaintiffs and against Defendants, jointly and severally, for the entire unpaid amount of the Settlement Payment, plus attorneys' fees and costs associated with collecting on the judgment.

Plaintiffs acknowledge that their individual payments under this Agreement constitute fair and reasonable consideration for their release of claims and covenant not to sue outlined in this Agreement.

4840-7715-5108.v1-5/25/15

3.      **ATTORNEYS' FEES AND COSTS.**

Plaintiffs' Counsel's fees and costs shall be paid in accordance with Paragraph 2, and Plaintiffs shall bear any other costs, expenses, and attorneys' fees.  The Release and Covenant Not to Sue in Paragraphs 4 and 5 below also includes and extinguishes all claims Plaintiffs may have for equitable and legal relief, attorneys' fees and costs, except as otherwise provided herein. More particularly, the parties acknowledge that this Agreement is intended to be a resolution of disputed claims and that neither Plaintiffs nor Defendants are "prevailing parties."  Moreover, Plaintiffs specifically intend and agree that this Agreement fully contemplates claims for attorneys' fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

4.      **GENERAL RELEASE.**

(a)      Plaintiffs hereby fully, finally and unconditionally settle, release, compromise, waive and forever discharge Thankfully Living Christian LLC and David Trotter from and for any and all claims or rights of action of any nature whatsoever, known or unknown, occurring and/or accruing prior to the execution of this Agreement.

By way of explanation, but not limiting its completeness, Plaintiffs, hereby fully, finally and unconditionally settle, release, compromise, waive and forever discharge Defendants from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, or any other entity, based directly or indirectly upon Plaintiffs' employment with the Company, the cessation of their employment, and any alleged act or omission to act by Defendants or the Releasees, whether related or unrelated to their  employment.  This release also includes all rights or claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Age Discrimination in Employment Act (as to James Thompson only), Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Illinois Human Rights Act and any other claims arising from any local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.  This release also includes any rights or claims of Plaintiffs asserted in any action brought on behalf of Plaintiffs by another person or any federal, state or local government agency or entity.

(b)      Additionally, Plaintiffs hereby settle, release, compromise, waive and forever discharge any and all claims or rights of action of any kind, whether known or unknown, that arise out of the Plaintiffs' relationships with Defendants occurring and/or accruing prior to the execution of this Agreement, that could have been brought against any of Defendants, Trotter Landscaping, D.A.S. Safety, Inc. and PCI Auctions of Illinois and, as intended third-party beneficiaries, each of their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers (collectively "the Releasees"), jointly and severally, in their individual, fiduciary and corporate capacities.

3

5.      **COVENANT NOT TO SUE.**

In exchange for the Settlement Payment, Plaintiffs promise and covenant that they will not re-instate the Lawsuit or file any other legal action against Defendants or the Releasees based upon any claim covered under the foregoing release. Plaintiffs further waive any right to any form of recovery, compensation or other remedy in any action brought by Plaintiffs or on Plaintiffs' behalf relating to the released claims. If Plaintiffs violate the terms of this Paragraph 5 by filing a legal action based on claims covered by the foregoing release, then they will be liable for Defendants' attorneys' fees and costs in defending such a legal action. Plaintiffs are not prohibited from bringing a lawsuit to challenge whether they knowingly and voluntarily entered this Agreement under the Age Discrimination in Employment Act, as amended. Nothing in this Paragraph or this Agreement prohibits Plaintiffs from filing a charge, testifying, assisting, or participating in any manner in an investigation, hearing, or proceeding before any government agency, but Plaintiffs waive and release any right to any form of recovery, compensation or other remedy in any action brought by him/her or on his/her behalf. Nothing in this Paragraph or this Agreement restricts Plaintiffs' rights to enforce this Agreement and the promises set forth herein.

6.      **COURT APPROVAL AND DISMISSAL OF CLAIMS**

Plaintiffs will submit this Agreement to the Honorable Judge Samuel Der-Yeghiayan for court approval, and Plaintiffs will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, as provided in this Agreement. Approval of this Agreement by the Court is a condition precedent to Defendants' obligations contained in this Agreement, including the payment of monies, attorneys' fees, costs, liquidated damages, penalties, and interest. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and all other claims for unpaid wages, and the ultimate dismissal with prejudice shall be binding upon Plaintiffs.

7.      **CONFIDENTIALITY AND NON-DISPARAGEMENT.**

Plaintiffs agree that they will not disclose the terms of this Agreement, except: (1) as may be necessary in response to lawful process of any judicial or adjudicative authority, (2) as otherwise required by law (3) to Plaintiffs' attorneys and tax advisors, (4) to state and federal taxing agencies, (5) to Plaintiffs' spouses; (6) for purposes of filing the settlement on the Court's CM/ECF systems to obtain court approval of the settlement. If any non-party (except for Plaintiffs' attorneys, tax advisors, state and federal taxing agencies, or spouse) asks about the status of the Lawsuit, Plaintiffs will respond only that "the matter has been resolved" or "I do not want to talk about it."

Plaintiffs agree to refrain from making any disparaging, critical, or unfavorable comments, in writing or orally, about Defendants or the Releasees (as defined in Paragraph 4(b) above), their operations, services, policies, or procedures, their current or former employees, or the cessation of their employment to any third party; provided, however, that nothing herein shall preclude Plaintiffs from responding truthfully to a lawful subpoena or other compulsory legal process or from providing truthful information otherwise required by law. Additionally, nothing herein shall preclude Plaintiffs from making comments about unlawful actions that Defendants take after Plaintiffs execute this Agreement.

4

Defendants agree to refrain from making any disparaging, critical, or unfavorable comments, in writing or orally, about Plaintiffs to any third party; provided, however, that nothing herein shall preclude Defendants from comments made to their attorney(s), accountant(s), responding truthfully to a lawful subpoena or other compulsory legal process or from providing truthful information otherwise required by law. Additionally, nothing herein shall preclude Plaintiffs from making comments about unlawful actions that Plaintiffs take after Defendants execute this Agreement.

## 8.     NO ADMISSION BY THE PARTIES.

Defendants deny any and all claims alleged in the Lawsuit and deny all wrongdoing whatsoever. This Agreement is neither a concession nor an admission, and shall not be used against Defendants or any of the Releasees as an admission or indication with respect to any claim of any fault, concession or omission by Defendants or Releasees. Whether or not the settlement is finally approved, neither the settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(a)     construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants or Releasees, including, but not limited to, evidence of a presumption, concession, indication or admission by any of them of any liability, fault, wrongdoing, omission, concession or damage; or

(b)     disclosed, referred to or offered or received in evidence against Defendants or Releasees in any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or proceeding, except for purposes of settling the Lawsuit pursuant to this Agreement.

## 9.     REPRESENTATIONS AND WARRANTIES.

(a)     Each party to this Agreement represents and warrants that he or it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he or it is fully entitled to compromise and settle same.

(b)     Each Plaintiff promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Plaintiffs' Settlement Payment.

(c)     Each Plaintiff warrants and represents that he did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement.

(d)     Each Plaintiff warrants that he is not a Medicare beneficiary, nor have they ever been enrolled in Medicare Part A or Part B, or applied for such benefits, and that they have no claim for Social Security Disability benefits, as of the date of this Agreement. Plaintiffs further warrant and represent that they did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiffs also warrant and represent that Medicare has not made any payments to or on their behalf, nor have they made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement. Plaintiffs will indemnify, defend and hold Releasees harmless from any and all claims, penalties, liens, Medicare conditional payments and

rights to payment, known or unknown. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

**10.    ILLINOIS LAW.**

Any questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of Illinois applicable to agreements to be wholly performed within the State of Illinois.

**11.    NEUTRAL CONSTRUCTION.**

The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted the Agreement.

**12.    COMPLETE AGREEMENT.**

This Agreement sets forth all of the terms and conditions of the agreement between the parties concerning the subject matter hereof and any prior oral or written communications are superseded by this Agreement. The parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses which are informational, are contractual and not a mere recital.

**13.    EFFECT ON PREVIOUS AGREEMENTS.**

This Agreement supersedes any and all prior agreements, understandings and communications between the parties except that this shall not affect the terms of the separate agreement resolving the Lawsuit.

**14.    AMENDMENT.**

This Agreement may be amended only by a written document signed by Plaintiffs and an authorized employee of Defendants.

**15.    TIME TO CONSIDER AGREEMENT.**

Plaintiffs acknowledge that they have been given at least twenty-one (21) days to consider and sign this Agreement (the "consideration period"), and agree that this consideration period has been reasonable and adequate. Only James Thompson will have seven (7) calendar days from the date that he signs this Agreement to revoke it if he so desires. To revoke, James Thompson, through his counsel, must inform Defendants, through their counsel, in writing and within forty (48) hours of his decision to revoke. If James Thompson revokes his signature, then this Agreement shall be null and void and no Plaintiff will be entitled to any portion of the Settlement Payment.

6

16.  **RIGHT TO COUNSEL.**

Plaintiffs acknowledge that they were informed that they have the right to consult with an attorney before signing this Agreement and that this paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiffs acknowledge that they have been advised by competent legal counsel of their own choosing, Chris Wilmes of Hughes Socol Piers Resnick & Dym, Ltd., in connection with the review and execution of this Agreement and that they had an opportunity to and did negotiate over the terms of this Agreement.

17.  **PLAINTIFFS' ACKNOWLEDGMENT.**

Plaintiffs declare that they have completely read this Agreement. Plaintiffs state that they do fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement. Further, Plaintiffs agree and acknowledge that they have had the full opportunity to investigate all matters pertaining to their claims and that the waiver and release of all rights or claims they may have under any local, state or federal law is knowing and voluntary.

18.  **NOTICE.**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally, faxed, or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Counsel for Plaintiffs:

Christopher J. Wilmes
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
Fax: (312) 580-1994

Counsel for Defendants:

Antonio Caldarone
Laner Muchin, Ltd.
515 N. State St., Suite 2800
Chicago, IL 60654
Fax:  (312) 467-9479

19.  **COUNTERPARTS.**

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. A photocopy, fax, or PDF containing a signature shall be deemed an original signature.

**WHEREFORE,** Plaintiffs and Defendants have executed this Agreement as of the dates set forth below.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES
PLAINTIFFS' RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

DATED: July 26 2017.          PLAINTIFF JAMES THOMPSON

DATED: July __, 2017.          PLAINTIFF JOSHUA BRISBIN

_____

DATED: July __, 2017.          PLAINTIFF WILLIAM MEINERS

_____

DATED: July 31, 2017.          DEFENDANT THANKFULLY LIVING CHRISTIAN, LLC

By: _____

Its: ___Thankfully LIving Christain, LLC President___

DATED: July 31, 2017.          DEFENDANT DAVID TROTTER

_____

8

**WHEREFORE,** Plaintiffs and Defendants have executed this Agreement as of the dates set forth below.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES**
**PLAINTIFFS' RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

DATED: July ___, 2017.          PLAINTIFF JAMES THOMPSON

_____

DATED: July **17**, 2017.          PLAINTIFF JOSHUA BRISBIN

_____

DATED: July ___, 2017.          PLAINTIFF WILLIAM MEINERS

_____

DATED: July 31, 2017.          DEFENDANT THANKFULLY LIVING CHRISTIAN, LLC

By: _____

Its: _____ Thankfully LIving Christain, LLC President _____

DATED: July 31, 2017.          DEFENDANT DAVID TROTTER

_____

8

**WHEREFORE,** Plaintiffs and Defendants have executed this Agreement as of the dates set forth below.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES PLAINTIFFS' RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

DATED: July __, 2017.          PLAINTIFF JAMES THOMPSON

_____

DATED: July __, 2017.          PLAINTIFF JOSHUA BRISBIN

_____

DATED: July _13_, 2017.          PLAINTIFF WILLIAM MEINERS

_William Meiners_

DATED: July 31, 2017.          DEFENDANT THANKFULLY LIVING CHRISTIAN, LLC

By: _____

Its: _____Thankfully Living Christian LLC  President_____

DATED: July31 2017.          DEFENDANT DAVID TROTTER

_____

8